UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60457-CIV-SCOLA

PAUL SCOBIE,

    Plaintiff,

v.

LAUREN TAYLOR,

    Defendant.
_____/

**LAUREN TAYLOR'S MOTION FOR SANCTIONS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 11 AND**
**FLORIDA STATUTE § 57.105 AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure and Florida Statute § 57.105, Defendant Lauren Taylor ("Taylor") hereby moves for entry of sanctions, including an award of attorneys' fees, against: (1) Plaintiff Paul Scobie ("Plaintiff") and (2) his counsel Brian McGuire, Brian S. Feldman, and John Sheldon and the law firm Foreman Friedman, PA, Scobie's counsel ("Counsel"), because the claims asserted in Plaintiff's Complaint are not warranted by existing law and/or the factual contentions asserted therein are without evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery and/or for asserting and maintaining claims that are not supported by the material facts or the application of then-existing law.

**I.    PROCEDURAL AND FACTUAL HISTORY**

1.    Taylor, at one time, worked for Star Creations, Inc. ("Star Creations"). See Compl. ¶ 7.

2.    Although Star Creations is not a party to this litigation, Plaintiff makes certain

allegations regarding the timing of Taylor's resignation from Star Creations and her employment at New View Gifts & Accessories, Ltd. ("New View"). See Compl. ¶¶ 7-9.

3. Taylor did not have an employment agreement with Star Creations that somehow restricted her employment after she left Star Creations. There was no "non-compete" agreement between Star Creations and Taylor, nor was there a "non-solicitation" agreement between Star Creations and Taylor. Nor is Star Creations or Plaintiff attempting to assert that Taylor was not permitted to seek alternative employment with Star Creations' competitors.

4. Rather, Plaintiff claims Taylor defamed him stating, to unknown third parties, that Plaintiff was "actively seeking to terminate his . . . employment relationship with Star Creations" and similarly told unknown third parties that Plaintiff "was actively interviewing with one of Star Creations biggest competitors." See Compl. ¶ 11.

5. Additionally, Plaintiff claims that Taylor, at some point, defamed him by sending a text message[1] which allegedly stated the following "I learned paul & laura r interviewing @Sutton in FL"). See Compl. ¶ 16.

6. There is no legal authority for Plaintiff's claims that these off handed remarks, even if they could be attributed to Taylor, rise to the level of defamation.

7. Rather, it is clear that Plaintiff brought this completely frivolous and unfounded defamation action against Taylor in an effort to harass her for his own purposes or on behalf of his employer (Taylor's former employer).

---

[1] Taylor denies sending the purported text message attached as an Exhibit to the Complaint and such messages can be easily created in a process called "spoofing."

2

## II.     MEMORANDUM OF LAW

### A.     Standard for Imposition of Sanctions.

Pursuant to Federal Rule of Civil Procedure 11(b), "By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a no frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Similarly, Florida Statute § 57.105(1) provides that:

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:  (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts.

Here, as described more fully below, upon receipt of Taylor's Motion to Dismiss [D.E. # 6], Plaintiff and his Counsel would have known that the defamation claims set forth in Plaintiff's Complaint are not warranted by existing law and/or are without evidentiary support and/or that he is asserting and maintaining claims that are not supported by the material facts or the

3

application of then-existing law.  Accordingly, it is clear that this action, as evidenced by Plaintiff's Complaint, is being maintained for improper purposes, including to needlessly harass Taylor in direct violation of Federal Rule of Civil Procedure 11(b)(1).

Pursuant to Federal Rule of Civil Procedure 11(c)(1):  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

Similarly, Florida Statute § 57.105 provides a 21 day "safe-harbor" provision to permit the party to withdraw the frivolous claim upon notice.  Accordingly, on May 13, 2013, counsel for Plaintiff was served with a letter indicating the factual and legal basis for the instant Motion, a copy of which is attached hereto as Exhibit A (without exhibits), along with a copy of this Motion.  As such, counsel for Plaintiff has been advised of the specific conduct violating Federal Rule of Civil Procedure 11(b) and Florida Statute § 57.105.  However, Plaintiff and his Counsel have failed to withdraw the Complaint in this action.  Accordingly, the Court should impose sanctions upon Plaintiff and his Counsel and, pursuant to Federal Rule of Civil Procedure 11(c)(4) and Florida Statute § 57.105, those sanctions should include an order directing payment to Taylor of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

    **B.**     **Plaintiff's Defamation/Slander Complaint Fails to State a Cause of Action.**

In order to state a claim for defamation under Florida law; Plaintiff must allege and establish:  (1) publication; (2) falsity; (3) that the actor acted with negligence concerning a private person; (4) actual damages; and (5) the statement must be defamatory.  See Warner v.

Schmidt, 2011 WL 2784492 (M.D. Fla. 2011).  Moreover, malice is an essential element of the tort.  Barry College v. Hull, 353 So. 2d 575, 578 (Fla. 3d DCA 1977).

### 1. *Plaintiff Fails to State a Cause of Action for Slander/Libel Per Quod.*

Here, Plaintiff has failed to assert a valid claim for defamation *per quod* and indeed he admits same in his response to the Motion to Dismiss.  Plaintiff conceded, as he must, that he has suffered no actual damages and further provided no averments to support the demand for more than $100,000.00 in damages asserted in his Complaint.  Rather, Plaintiff's counsel has readily admitted that Plaintiff remains employed by Star Creations and has suffered no negative impact from the alleged "rumors" he complains of in this action.  Accordingly, any claim for defamation/slander *per quod* set forth in the Complaint is clearly and absolutely unfounded and therefore subject to sanctions.  See Response, D.E. #10, p. 3.

### 2. *Plaintiff Fails to State a Cause of Action for Slander/Libel Per Se.*

Second, and more importantly, the alleged statements made by Taylor are simply not defamatory.  In order for a statement to be considered defamatory under Florida law, the words or implication must "charge a person with an infamous crime or tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession."  Seropian v. Forman, 652 So. 2d 490, 495 (Fla. 4th DCA 1995), citing Adams v. News Journal Corp., 84 So. 2d 549 (Fla. 1955).  In this matter, Plaintiff states that Taylor was spreading "rumors" about whether or not he was seeking an alternative employment arrangement.  See Compl. ¶ 13.  Such alleged rumors do not rise to the level of subjecting Plaintiff to hatred, distrust, ridicule, contempt or disgrace.  It is not sufficient for Plaintiff to make a conclusory allegation that Taylor's statements resulted in injury to Plaintiff's business or profession without averring any facts to support this contention.

5

Rather, while Plaintiff claims Taylor's alleged statements were "designed to cause Plaintiff to lose his job," Plaintiff did not lose his job and he has failed to assert one fact that establishes any actual damage to his reputation resulting from Taylor's alleged statements. Warner, 2011 WL 2784492 at *2 (Plaintiff's complaint dismissed due to fact that plaintiff failed to assert any facts establishing his claim of damages).

Particular phrases and words may be considered defamatory *per se* if, when considered alone and without innuendo, the publication imputes conduct, characteristics and conditions incompatible with the proper exercise of a lawful business. Barry College, 353 So. 2d at 578. When written words are actionable *per se*, their libelous and injurious character is a matter of common knowledge. Id. Accordingly, when determining whether a published statement constitutes libel *per se*, a fact finder may only consider the "four corners" of the publication. Id. Additionally, the language of the document should not be interpreted in the extreme, but should be construed as the "common mind" would naturally understand it. McCormick v. Miami Herald Publ'g Co., 139 So. 2d 197, 200 (Fla. 2nd 1962).

The alleged publication here is quite similar to the facts of Barry College because they both involve a publication which is innocuous at best. Id. In Barry College, the College announced that plaintiff Hull had resigned from his position when he had, in fact, not resigned. Id. at 576. However, since the publication contained no disparaging remarks which in any way reflected on the plaintiff's character or reputation, such a publication regarding Hull's employment status with the college was not libel *per se* despite the fact that it was false and imputed a characteristic or condition that was incompatible with his profession. Id. at 579 (Hubbart, concurring).

Here, Plaintiff alleges that Taylor orally stated that Plaintiff was interviewing for new employment. See Compl. ¶ 13. Further, Plaintiff alleges that Taylor also sent a text message stating the following: "I learned paul and laura r interviewing @Sutton[2] in FL." See Compl. ¶ 16. Neither alleged communication includes any disparaging remarks and as such, pursuant to the Barry College case, do not rise to the level of defamation *per se*. Plaintiff has offered no alternative legal authority for Plaintiff's conclusion that "rumors" regarding one's employment status rises to the level of defamation *per se* because no such authority exists.

Furthermore, despite the fact that Plaintiff claims this the alleged defamation in this matter is defamation *per se*, he also asks this Court to go well beyond the "four corners" of the publications and "infer" that Taylor's "objective was to injure Plaintiff's professional reputation and hold him out as disloyal to his current employer." See Response p. 4. Pursuant to Barry College, Plaintiff's request is improper as the Court may not look beyond the four corners of the publication to determine whether or not there is defamation *per se*. Id. at 578. As such, Plaintiff's claim for defamation/slander *per se* also fails as a matter of law and therefore Plaintiff's Complaint should be subject to sanctions.

### III.   CONCLUSION

Plaintiff and his Counsel are well aware that the Complaint in this action is not warranted by existing law and/or the factual contentions asserted in the Complaint are without evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery and/or they are well aware that they are asserting and maintaining claims that are not supported by the material facts or the application of then-existing law.

---

[2] Plaintiff explains in his Complaint that "Sutton" is not a competitor of his current employer and instead asks the Court to assume that Plaintiff's alleged text message meant "Stratton." See Compl. ¶ 16.

7

Therefore it is clear that they continue to maintain the Complaint in this action for improper purposes, including to harass Taylor, in direct violation of Federal Rule of Civil Procedure 11(b)(1) and Florida Statute § 57.105.  Accordingly, the Court should enter sanctions against: (1) Plaintiff Paul Scobie and (2) his Counsel Brian McGuire, Brian S. Feldman, and John Sheldon and the law firm Foreman Friedman, PA

        FOX ROTHSCHILD LLP
        222 Lakeview Avenue, Suite 700
        West Palm Beach, FL 33401
        (561) 804-4417
        (561) 835-9602 (facsimile)

By: */s/ Dori K. Stibolt*
     Dori K. Stibolt
     Florida Bar No. 183611
     dstibolt@foxrothschild.com

*Counsel for Defendant Lauren Taylor*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Dori K. Stibolt*
Dori K. Stibolt

ACTIVE 20441060v3

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-60457-CIV-SCOLA

FOREMAN FRIEDMAN, PA
2 South Biscayne Blvd.
Suite 2300
Miami, FL 33131
Brian McGuire
bmcguire@fflegal.com
Telephone:  305-358-6555
Facsimile:  305-374-9077

FOREMAN FRIEDMAN, PA
500 Skokie Blvd.
Suite 325
Northbrook Foreman Friedman, PA, IL 60062
Brian S. Feldman
bfeldman@fflegal.com
*Admitted Pro Hac Vice*

FOREMAN FRIEDMAN, PA
500 Skokie Blvd.
Suite 325
Northbrook, IL 60062
John Sheldon
jsheldon@fflegal.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff Paul Scobie*

FOX ROTHSCHILD LLP
222 Lakeview Avenue
Suite 700
West Palm Beach, FL  33401
Dori K. Stibolt
dstibolt@foxrothschild.com
Telephone:  (561) 835-9600
Facsimile:  (561) 835-9602

*Attorneys for Defendant Lauren Taylor*

10