UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-60457-CIV-SCOLA

PAUL SCOBIE,

    Plaintiff,

v.

LAUREN TAYLOR,

    Defendant.
_____/

**DEFENDANT LAUREN TAYLOR'S REPLY MEMORANDUM
TO PLAINTIFF'S RESPONSE TO THE MOTION FOR SANCTIONS**

Defendant Lauren Taylor ("Taylor"), by and through her undersigned counsel and pursuant to Rule 7.1.C. of the Local Rules of the United States District Court for the Southern District of Florida, files her Reply Memorandum to Plaintiff Paul Scobie's ("Plaintiff"), Response to Defendant's Motion for Sanctions (the "Response"), and states as follows:

**REPLY**

Plaintiff's Complaint, and his continued pursuit of his unsupported and frivolous claims, are subject to sanctions for the various reasons set forth in Taylor's Motion for Sanctions and Motion to Dismiss.

    A.    **Plaintiff's Complaint is the "Poster Child" for Rule 11 Sanctions.**

Plaintiff, in his Response, claims that Rule 11 sanctions are not an appropriate remedy in this matter.  Plaintiff's claim is flat out wrong.  Rather, Plaintiff has brought a completely unsupported claim for damages in which Plaintiff seeks to hold Taylor responsible for alleged rumors or gossip he has attributed to her.  It is clear, that this litigation is nothing more than a bully tactic undertaken by Plaintiff and Plaintiff's current employer (Ms. Taylor's former

employer) in an effort to punish her for leaving her employment with Star Creations. Plaintiff's use of judicial resources to undertake this effort to intimidate or discipline Taylor for going to work for a competitor is completely improper and therefore sanctionable.[1] "[T]he central purpose of Rule 11 is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447 (1990); Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987)(Rule 11 sanctions were designed to "discourage dilatory or abusive practices and help to streamline the litigation process by lessening frivolous claims or defenses.")

Plaintiff attempts to argue that Rule 11 sanctions are also not appropriate because Plaintiff is entitled to discovery to develop some sort of record that might support the claims set forth in his Complaint. See Response, p. 3. Such an assertion has no application here. Plaintiff has claimed that Taylor made certain statements, as set forth in the Complaint, but those statements do not rise to the level of slander or defamation under any standard. Plaintiff cannot avoid sanctions by now claiming he needs additional discovery to uncover some evidence to support what was a frivolous Complaint. See Jackson v. Bellsouth Telecommunications, Inc., 2002 WL 34382751 at *6 (S.D. Fla., June 4, 2002)(citations omitted)(In dismissing complaint alleging racial discrimination, court rejected claim that plaintiff was entitled to undertake discovery to shore up unsupported claims, court noted that such relief would not comport with Rule 11). Indeed, Plaintiff has also recently provided his Rule 26 Initial Disclosures, which continue to demonstrate that Plaintiff and Plaintiff's counsel had no good faith basis for bringing this action. See Plaintiff's Rule 26 Initial Disclosure, attached as Exhibit A. Rather, Plaintiff's Rule 26 Initial Disclosure do not provide any documents or information that would support

---

[1] There is no non-compete or other restrictive covenant that restricts Ms. Taylor's employment.

Plaintiff's claims beyond what was already provided in or attached to the Complaint. Furthermore, Defendant has responded to Plaintiff's affirmative discovery which should demonstrate to Plaintiff and his counsel that his claims lack merit (since such responses point to no new evidence and no documents). Accordingly, his continued pursuit of these claims, even after engaging in discovery, is sanctionable.

As such, if Plaintiff and or Plaintiff's counsel had undertaken a reasonable inquiry prior to the filing of the Complaint, or in response to Taylor's Motion to Dismiss or even post discovery, they would have realized these claims have no merit and are subject to sanctions. Gutierrez v. City of Hialeah, 729 F. Supp. 1329, 1333 (S.D. Fla. 1990)(Rule 11 places an affirmative duty on an attorney to inquire into the factual basis of a paper before filing it with the court. A signor can no longer rely solely on his personal interpretation of the facts, conclusory allegations of fact, speculation, suspicion, **rumor** or surmise to sustain a reasonable belief.); Koly v. Enney, 269 Fed. App'x. 861, 865 (11th Cir. 2008)(Rule 11 sanctions appropriate in libel case when plaintiffs were not making a novel legal argument or seeking review of an issue of first impression.)

**B.   Plaintiff Fails to State a Cause of Action for Slander/Libel *Per Quod*.**

Plaintiff cites the elements for a cause of action for defamation, but has, several times admitted that Plaintiff has suffered no damages and therefore has utterly failed to state a claim for slander/libel *per quod* instead claims that his Complaint is based upon a claim for slander/libel *per se*. See Response, p. 4. As such, Plaintiff has conceded that he has suffered no actual damages and provides no averments to support the demand for more than $100,000.00 in damages asserted in his Complaint. Accordingly, any claim for defamation/slander *per quod* set forth in the Complaint is subject to sanctions. See Response p. 3.

      C.      **Plaintiff Fails to State a Cause of Action for Slander/Libel *Per Se*.**

In Plaintiff's Response to the Motion for Sanctions, Plaintiff again cites to Seropian v. Forman, 652 So. 2d 490, 493 (Fla. 4th DCA 1995). In Seropian that Court provided the standard for imposition of liability for defamatory statements regarding a private individual as is the purported case here. Id. at 494. Thereafter, the Court in Seropian goes on to find that the phrase "influence peddling" cannot be considered defamatory under any circumstances. Id. Accordingly, Plaintiff and his counsel seem to be well versed in the standard for defamatory statements, yet they cannot point to any authority for their claim that Ms. Taylor's purported text message stating "I learned paul & laura r interviewing @Sutton in FL" could be considered defamatory in any way.

Plaintiff argues that he has somehow alleged a valid claim for slander/libel *per se* because Taylor's comments somehow damaged his "reputation." The case law Plaintiff cites in no way supports this argument and Plaintiff has failed to point Defendant, Defendant's counsel or this Court to any authority for the premise that Ms. Taylor's alleged statements, which Plaintiff describes as rumor or gossip, regarding Plaintiff's alleged interview with some other company can be considered slander or libel *per se*.

Rather, the cases cited by Plaintiff for "reputation" support Defendant's position that there is no basis for Plaintiff's claim and that the Complaint in this matter is sanctionable. In Adams v. News-Journal Corp., 84 So 2d 549 (Fla. 1956), again cited by Plaintiff, the court soundly rejected the claim that a newspaper had committed libel *per se,* by injuring a local attorney's reputation or profession, when it published a critical article directed to that attorney. In Campbell v. Jacksonville Kennel Club, 66 So. 2d 495 (Fla. 1953), also cited by Plaintiff, the Court analyzed whether or not the term "stoop" could be considered libel *per se* such that the

terms injurious character is a fact of common notoriety.  The Campbell court ruled that "stoop" was not a term that could be considered libel *per se*, as such this case provides no authority for Plaintiff's claims in this matter.

Plaintiff's reliance on Rosenberg v. DVI Receivables, XIV, LLC, 2012 WL 5198341 (S.D. Fla., Oct. 19, 2012) is misplaced since there was no claim of defamation set forth in this matter.  However, the case Rosenberg cites to and Plaintiff refers to in his Response, is again instructive and demonstrates that the statements attributed to Defendant cannot be considered defamatory under any circumstances.  In Hariss v. Metropolis, Co., 160 So. 205, 207 (Fla. 1935), that Court ruled that plaintiff's libel *per se* claim which alleged that a newspaper published and editorial/retraction in which it was stated that plaintiff, a newspaper man himself, had been fired for engaging in "shameful" reporting acts.  The Hariss court ruled that even publishing statements in a newspaper indicating plaintiff had been fired for engaging in "shameful" acts did "not constitute libel per se, since, as ordinarily understood, they do not naturally and necessarily tend to degrade or to expose a person to distrust, hatred, contempt, ridicule, or obloquy, or to cause him to be avoided or tend to injure him in his occupation, business, or employment." Id. at 207.  According, the Hariss case which includes facts that go well beyond what Plaintiff has alleged here, publication of statements in a newspaper regarding plaintiff's employment status and reason for termination, did not rise to the level of libel *per se.*

In Joopanenko v. Gavagan, 67 So .2d 434 (Fla. 1953), also cited by Plaintiff, the court determined that calling someone a Communist at a public meeting with 1500 witnesses could be considered libel *per se*, but of course the Joopanenko case provides no authority for Plaintiff's claims here.  Rather, the ruling in Joopanenko was based on a 1940s Florida statute that outlawed the Communist party and criminalized membership in the Communist party, such that calling

someone a Communist during this time period, was accusing them of a notorious crime. And, further, these laws outlawing the Communist party were later superseded by Federal law and therefore this case is no longer good law and provides no authority for Plaintiff's claims here.

Taylor continues to rely upon Barry College v. Hull, 353 So. 2d 575 (Fla. 3rd DCA 1978) because (1) the alleged "rumors" she purportedly engaged in did not rise to the level of slander/libel *per se* and (2) Plaintiff is improperly asking the Court to go beyond the "four corners" of the publication to make a defamation *per se* finding when one has not been properly pled. See Motion, pp. 6-7.

Plaintiff continues to ignore both the fact pattern and the holding of Barry College. The alleged publication here is quite similar to the facts of Barry College because they both involve a publication which is innocuous at best. Id. In Barry College, the College announced that plaintiff Hull had resigned from his position when he had, in fact, not resigned. Id. at 576. However, since the publication contained no disparaging remarks which in any way reflected on the plaintiff's character or reputation, such a publication regarding Hull's employment status with the college was not libel *per se* despite the fact that it was false and imputed a characteristic or condition that was incompatible with his profession. Id. at 579 (Hubbart, concurring). Here, Plaintiff alleges that Taylor orally stated that Plaintiff was interviewing for new employment. See Compl. ¶ 13. Further, Plaintiff alleges that Ms. Taylor also sent a text message stating the following: "I learned paul and laura r interviewing @Sutton[2] in FL." See Compl. ¶ 16. Neither alleged communication include any disparaging remarks and as such, pursuant to the Barry College case, do not rise to the level of defamation *per se*.

---

[2] Plaintiff explains in his Complaint that "Sutton" is not a competitor of his current employer and instead asks the Court to assume that Plaintiff's alleged text message meant "Stratton" which is a competitor company. See Compl. ¶ 16.

Plaintiff also asks this Court to go well beyond the "four corners" of the publications and "infer" that Ms. Taylor's "objective was to injure Plaintiff's professional reputation and hold him out as disloyal to his current employer." See Response.  Pursuant to Barry College, Plaintiff's request must be denied as the Court may not look beyond the four corners of the publication to determine whether or not there is defamation *per se*. Id. at 578.  As such, Plaintiff's Complaint fails to state a cause of action for defamation *per se* because Plaintiff cannot establish the intrinsic defamatory nature of the alleged statements without utilizing external evidence.

WHEREFORE, for the foregoing reasons and for the reasons set forth in Taylor's Motion, Plaintiff's Complaint is deficient as a matter of law and fails to properly state any cause of action against Taylor.  Accordingly, Plaintiff and his Counsel are well aware that the Complaint in this action is not warranted by existing law and/or the factual contentions asserted in the Complaint are without evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery and/or they are well aware that they are asserting and maintaining claims that are not supported by the material facts or the application of then-existing law.  Therefore it is clear that they continue to maintain the Complaint in this action for improper purposes, including to harass Taylor, in direct violation of

Federal Rule of Civil Procedure 11(b)(1) and Florida Statute § 57.105.  Accordingly, the Court should enter sanctions against:  (1) Plaintiff Paul Scobie and (2) his Counsel Brian McGuire, Brian S. Feldman, and John Sheldon and the law firm Foreman Friedman, PA

>   FOX ROTHSCHILD LLP
>   222 Lakeview Avenue, Suite 700
>   West Palm Beach, FL 33401
>   (561) 804-4417
>   (561) 835-9602 (facsimile)
>
>   By: */s/  Dori K. Stibolt*
>     Dori K. Stibolt
>     Florida Bar No. 183611
>     dstibolt@foxrothschild.com
>
>   *Counsel for Defendant Lauren Taylor*

### CERTIFICATE OF SERVICE

I hereby certify that on July 3rd, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>   By: */s/  Dori K. Stibolt*
>     Dori K. Stibolt

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-60457-CIV-SCOLA

| | |
|---|---|
| FOREMAN FRIEDMAN, PA<br>2 South Biscayne Blvd.<br>Suite 2300<br>Miami, FL 33131<br>Brian McGuire<br>bmcguire@fflegal.com<br>Telephone:  305-358-6555<br>Facsimile:  305-374-9077 | FOX ROTHSCHILD LLP<br>222 Lakeview Avenue<br>Suite 700<br>West Palm Beach, FL  33401<br>Dori K. Stibolt<br>dstibolt@foxrothschild.com<br>Telephone:  (561) 835-9600<br>Facsimile:  (561) 835-9602 |
| FOREMAN FRIEDMAN, PA<br>500 Skokie Blvd.<br>Suite 325<br>Northbrook, IL 60062<br>Brian S. Feldman<br>bfeldman@fflegal.com<br>*Admitted Pro Hac Vice* | ***Attorneys for Defendant Lauren Taylor*** |

FOREMAN FRIEDMAN, PA
500 Skokie Blvd.
Suite 325
Northbrook, IL 60062
John Sheldon
jsheldon@fflegal.com
*Admitted Pro Hac Vice*

***Attorneys for Plaintiff Paul Scobie***