UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60457-Civ-SCOLA

PAUL SCOBIE,

    Plaintiff,

vs.

LAUREN TAYLOR,

    Defendant,

_____/

### ORDER REGARDING NOTICE OF VOLUNTARY DISMISSAL

THIS MATTER is before the Court *sua sponte*, following Plaintiff's filing of a Notice of Voluntary Dismissal [ECF No. 22] pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). That Rule allows a plaintiff to dismiss "an action" without court permission by filing a notice of voluntary dismissal "before the opposing party serves either an answer or a motion for summary judgment[.]" *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

On July 17, 2013, this Court entered an order [ECF No. 21] granting the Defendant's Motion to Dismiss [ECF No. 6]. The Court concluded its order by stating:

> The Complaint is **DISMISSED**, with leave to amend. The Amended Complaint must be filed by **July 31, 2013**. If an Amended Complaint is not filed on or before that date, the Court will **CLOSE** this case.

*See* Order Granting Motion to Dismiss [ECF No. 21] at 6. Instead of filing an amended pleading, the Plaintiff has chosen to voluntarily end the litigation altogether. But can he do so, given the case's current posture? More specifically, can a plaintiff voluntarily dismiss under Rule 41(a)(1)(A)(i) after the district court has dismissed the complaint with leave to amend, but before an amended pleading has been filed?

The Court's independent research has not identified any binding authority that answers this question. At first blush, one might reasonably question how a plaintiff could voluntarily dismiss when the district court has already dismissed the complaint and no amended pleading has been filed – in such circumstances, what's left to dismiss, one might ask? But the Rule's literal language appears to pose no obstacle. Notably, the Rule speaks in terms of dismissing "an action," not a "complaint." *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Moreover, there are only two

acts written into the Rule that may limit a plaintiff's ability to dismiss – the defendant's filing of an answer *or* motion for summary judgment. Neither of those events has happened here. Accordingly, the Court concludes that Plaintiff may, as a matter of right, voluntarily dismiss this action under Rule 41(a)(1)(A)(i), even though there is currently no operative Complaint on file. *See In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166-67 (3d Cir. 2008) (plaintiff's ability to voluntarily dismiss under Rule 41(a)(1)(A)(i) not limited or nullified merely because court had already granted Rule 12(b)(6) motion and dismissed complaint with leave to amend).

While a voluntary dismissal is, by default, taken without prejudice, Plaintiff obviously is not entitled to later reassert the *per se* defamation claims that the Court previously found wanting in its dismissal order. In addition, while Plaintiff is entitled to voluntarily dismiss, his decision to do so does not terminate or moot Defendant's Motion for Sanctions [ECF No. 15], presently pending before the Magistrate Judge.[1] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)," as "voluntary dismissal does not expunge the [alleged] Rule 11 violation"); *Thomas v. Early Cnty., Ga.*, 360 F. App'x 71, 75 (11th Cir. 2010) ("voluntary dismissal does not divest the district court of jurisdiction to consider a Rule 11 motion").

Accordingly, for the reasons explained above, this action has been **DISMISSED** by the Plaintiff pursuant to Rule 41(a)(1)(A)(i), and the Clerk is therefore directed to **CLOSE** this case. Defendant's Motion for Sanctions [ECF No. 15], however, remains pending before the Magistrate Judge.

**DONE and ORDERED** in chambers at Miami, Florida on July 25, 2013.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is not saved here by Rule 11's "safe harbor" provision, which "allow[s] an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." *See Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010) (citing Fed. R. Civ. P. 11(c)(2)). As detailed in Defendant's Motion for Sanctions [ECF No. 15], Plaintiff was notified on May 13, 2013 of Defendant's intent to seek sanctions, so the twenty-one day "safe harbor" period expired on June 3, 2013. Defendant filed her Motion for Sanctions on June 7, 2013. Obviously, Plaintiff's voluntary dismissal, taken on July 24, 2013, came too late for purposes of the "safe harbor."