UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.13-60457-CIV-SCOLA/SELTZER

PAUL SCOBIE,

    Plaintiff,

vs.

LAUREN TAYLOR,

    Defendant.
_____/

ORDER DENYING MOTION FOR SANCTIONS[1]

THIS CAUSE is before the Court on Defendant Lauren Taylor's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 and Florida Statute § 57.105 (DE 15) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 16). The Court has considered the briefed Motion and related submissions, the record in this case, and is other fully advised in the premises.

Plaintiff Paul Scobie, a salesman for Star Creations, Inc.,[2] brought this action against his former co-worker, Defendant Lauren Taylor, alleging claims for defamation. See Complaint (DE 1-1) (alleging that Defendant made certain statements at an Atlanta trade show and texted a message to "one of Star Creations' [sic] employees and Plaintiff's current co-workers" that were "false and malicious rumors" that defamed Plaintiff in his

---

[1] "[A] federal magistrate judge . . . has the authority to enter an Order, as opposed to a Report and Recommendation, denying a motion for sanctions." Commercial Long Trading Corp. v. Scottsdale Ins. Co., No. 12-22787 CIV, 2013 WL 1100063, at *1, n.1 (S.D. Fla. Mar. 15, 2013) (Goodman, M.J.).

[2] Star Creations, Inc., "manufactur[es] framed art, wall décor, and associated products." Complaint at 1 (DE 1-1).

professional capacity). In response, Defendant moved the District Court to dismiss Plaintiff's Complaint. See Motion to Dismiss (DE 6). The District Court granted Defendant's Motion, and dismissed Plaintiff's Complaint (DE 1-1), with leave to amend. See Order (DE 21) (providing Plaintiff an opportunity to file an Amended Complaint to raise defamation *per quod* claims).[3] Prior to the District Court entering its Order (DE 21), Defendant, advancing the arguments from her Motion to Dismiss, filed the instant motion for sanctions pursuant to Fed. R. Civ. P. 11 and Fla. Stat. § 57.105 against Plaintiff and his counsel. See Motion (DE 15) (moving "for entry of sanctions, including an award of attorney's fees"); see also Letter (DE 15-1) (complying with "safe-harbor" provision). Defendant essentially argues that sanctions are appropriate because Plaintiff's defamation claims are frivolous, designed only to harass Defendant. Reply (DE 18); see also Motion (DE 15).

Under Rule 11, by "signing a pleading in a federal court, an attorney [and/or party] certifies that he or she has conducted a reasonable inquiry and that the pleading is well grounded in fact, legally tenable, and 'is not [being] presented for any improper purpose.'" Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) (quoting Fed. R. Civ. P. 11); accord Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1255 (11th Cir. 1996) (Rule 11 imposes obligation to "make a reasonable inquiry into both the legal and factual basis of a claim . . . ."). A court may impose Rule 11 sanctions where a party or attorney has signed and filed a pleading (or other document) that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot

---

[3] Although the District Court ordered that an Amended Complaint could be filed, Plaintiff opted to file a Notice a Voluntary Dismissal. Plaintiff's case was then dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). See Notice of Voluntary Dismissal (DE 22); Order Regarding Notice of Voluntary Dismissal (DE 23).

be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." Baker, 158 F.3d at 534.[4]  "The objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." Id.  The purpose of Rule 11 is to "reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers, thus avoiding unnecessary delay and expense in litigation." Donaldson v. Clark, 819 F.2d 1551, 1156 (11th Cir. 1987) *(en banc)* (internal quotations omitted); accord Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992) (purposes of Rule 11 sanctions are deterrence, compensation, and punishment).

Similarly, the central purpose of Florida Statute § 57.105[5] "is . . . to deter meritless filings and thus streamline the administration and procedure of the courts." Mullins v. Kennelly, 847 So. 2d 1151, 1154 (Fla. 5th DCA 2003) (noting that Florida Statute § 57.105 was "modeled" upon Fed Rule of Civil Procedure 11 and likewise "any interpretation of the [Florida] statute must give effect to its central goal of deterrence")  (citing Cooter & Gell v.

---

[4] While a "federal district court lacks authority [under Rule 11] to impose sanctions merely for signing and filing a state court complaint that is removed to federal court, the federal court may sanction the signing and filings of pleadings in support of a frivolous complaint that has been removed." Tannenbaum v. Baxter Healthcare Corp., No. 95 C 7051, 1996 WL 327994, at *7 (N.D. Ill.  June 12, 1996); see also Worldwide Primates, Inc. v. McGreal, 26 F.3d 1089, 1091 (11th Cir. 1994); e.g., Barrios v. Regions Bank, No. 5:13-cv-29-Oc-22PRL, 2013 WL 5230653, at *6 (M.D. Fla. Sept. 16, 2013); see Plaintiff's Surreply (DE  28) (questioning usage of Rule 11).

[5] Because Fla. Stat. § 57.105 has been found to be substantive, "it can be applied in federal court in the  proper case." Calderon v. Merchant and Southern Bank, No. 2:13-cv-85-Oc-22PRL, 2013 WL 5798565, at *4, n.7 (M.D. Fla. Oct. 28, 2013); Fidelity Land Trust Co., LLC v. Security Nat'l Mortgage Co., No. 6:12–cv–1676–Orl–19DAB, 2013 WL 524961, at *1 (M.D. Fla. Jan.7, 2013).

Hartmarx Corp., 496 U.S. 384, 393 (1990)); Spiegel v. Siegal, Case No. 06-61848-Civ, 2007 WL 2051005, at *2 n.1 (S.D. Fla. July 17, 2007) ( "Section 57.105 is the Florida State law version of Federal Rule of Civil Procedure 11."); Travelers Prop. Cas. Co. of Am. v. Paramount Lake Eola, L.P., No. 6:08-cv-805-Orl, 2010 WL 2977981, at *6 (M.D. Fla. June 21, 2010) (finding that "sanctions are not warranted under Section 57.105 if the court finds they are not appropriate under Rule 11").  Attorney's fees [as sanctions] are awarded under §57.105(1), Florida Statutes, where "the party and counsel 'knew or should have known' that any claim or defense asserted was (a) not supported by the facts or (b) not supported by an application of 'then-existing' law." Hendrix v. Evenflo Co., Inc., Case No. 3:07cv133/MCR/EMT, 2007 WL 3520815, at *2 (N.D. Fla. Nov.14, 2007) (citations and internal quotations omitted); Walker v. Cash Register Auto Ins. of Leon County, Inc., 946 So. 2d 66, 70 (Fla. 1st DCA 2006) (discussing that § 57.105 authorizes an award of attorney's fees when counsel or party "knew or should have known that a claim or defense when initially presented or before trial was not supported by the material facts necessary to support such a claim or defense or would not be supported by the application of the controlling law to such facts").  Furthermore, the statute only "applies to frivolous pleadings." Hendrix, 2007 WL 3520815, at *2 (noting that "failing to state a cause of action is not, in and of itself, a sufficient basis to support a finding that a claim was so lacking in merit as to justify and award of fees pursuant to section 57.105").

Courts are cautioned to apply both Fed. R. Civ. P. 11 and Fla. Stat. § 57.105 carefully and with restraint. See, e.g, Cooter, 496 U.S. at 393 (cautioning that Rule 11 "must be read in light of concerns that it will . . . chill vigorous advocacy"); Walker v. Hallmark Bank & Trust, LTD., et al., No. 09-61978-CIV, 2010 WL 3257993, at *2 (S.D. Fla.

Aug. 17, 2010) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."); Hendrix, 2007 WL 3520815, at *2 (emphasizing that the "[t]he purpose of §57.105 is to discourage baseless claims, not to prevent access to Florida courts"); e.g., Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414, 419 (Fla. 1st DCA 2002) (cautioning abusive application of § 57.105 to ensure that the statute serves the purpose for which it was intended, which is to deter frivolous pleadings). The undersigned cannot conclude from the circumstances presented that the imposition Rule 11 and/or § 57.105 sanctions is warranted.

Although the District Court determined that Plaintiff's Complaint was subject to dismissal under Rule 12(b)(6), there has been no showing that the claims asserted therein were objectively frivolous or filed in bad faith for an improper purpose. See Motion (DE 15) and Reply (DE 18) (essentially disputing the core claims of this litigation in the context of a sanctions motion); e.g., In re Miller, No. 10-12085, 2011 WL 476599, at *3 (11th Cir. Feb. 10, 2011) (observing that "motions to dismiss and motions for sanctions serve different purposes and are governed by different standards" and noting that "many arguments which might support a motion to dismiss would fail to provide a sufficient basis for a motion for sanctions"). Indeed, sanctions are only warranted when a party or attorney exhibits a "deliberate indifference to obvious facts"; they are not warranted when the claim is "merely weak." Baker, 158 F.3d at 524; e.g., Kaye v. Personal Injury Funding III, LP., No. 09-82391-Civ, 2010 WL 2244085, at *4 (S.D. Fla. May 12, 2010) (citing Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1398 (Fed. Cir. 1996) ("[i]n virtually every case, a . . . court finds one party's arguments and authorities unpersuasive, but that is not remotely sufficient to make the losing party's conduct sanctionable")). And

5

notably here, the District Court, in its Dismissal Order, specifically acknowledged that the alleged "statements might, under some set of facts, conceivably cause injury to his [Plaintiff's] employment with Star Creation, [Inc.]", and it granted Plaintiff leave to file an Amended Complaint for defamation *per quod*. Order at 5-6 (DE 21). In sum, the Court is unable to discern such conduct on the part of Plaintiff or his counsel that would rise to the requisite level for the imposition of Rule 11 and/or § 57.105 sanctions. Accordingly, it is hereby ORDERED that Defendant Lauren Taylor's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 and Florida Statute § 57.105 (DE 15) is DENIED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 5th day of November 2013.

BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Robert N. Scola, Jr.
United States District Judge

All Counsel of Record